NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1019

COMMONWEALTH

vs.

MATEUS D. ANDRADE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Superior Court jury trial, the defendant, Mateus D. Andrade, was convicted of, inter alia, armed home invasion, assault and battery on a family or household member, assault and battery by means of a dangerous weapon causing serious bodily injury (ABDW-SBI), and mayhem.  The defendant now appeals, arguing that (1) the evidence was insufficient to support his convictions of armed home invasion and of assault and battery on a family or household member, (2) erroneous jury instructions defining "family or household member" created a substantial risk of a miscarriage of justice, and (3) ABDW-SBI is a lesser included offense of mayhem such that the convictions for both were duplicative.  We agree, as does the Commonwealth, that

ABDW-SBI is a lesser included offense of mayhem stemming from the same incident and thus vacate that conviction, but we affirm the defendant's other convictions.  We remand to permit for resentencing, in the judge's discretion.

Discussion.  1.  Sufficiency of the evidence.  In evaluating the defendant's sufficiency claims, we ask whether the trial evidence, viewed in the light most favorable to the Commonwealth, would permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.  See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).  We bear in mind that guilt may be established by circumstantial evidence and that inferences drawn from the trial evidence "need only be reasonable and possible and need not be necessary or inescapable."  Commonwealth v. West, 487 Mass. 794, 800 (2021), quoting Commonwealth v. Casale, 381 Mass. 167, 173 (1980).

a.  Armed home invasion.  As relevant here, a conviction of armed home invasion "requires the Commonwealth to prove the defendant entered the dwelling 'while armed with a dangerous weapon.'"  Commonwealth v. Bois, 476 Mass. 15, 29 (2016), quoting G. L. c. 265, § 18C.  The defendant argues that the Commonwealth presented no evidence that, at the time he entered the victim's home, he possessed the pocket knife used to stab the victim.

2

In pertinent part, the victim testified that in the day preceding the stabbing, the defendant threatened to kill her; that he entered her bedroom very shortly after arriving in his car; and that "I don't have knives at my house." A reasonable jury could have inferred that the defendant arrived armed with the pocket knife to carry out his threat to kill her, see Commonwealth v. Louis, 94 Mass. App. Ct. 404, 408 (2018), as well as that he did not pick up the knife inside the victim's home because he moved quickly from his car to her bedroom and because the victim did not have any such knife in her home. See Commonwealth v. Gonzalez, 475 Mass. 396, 407 (2016) ("inferences drawn from [circumstantial] evidence 'need only be reasonable and possible; [they] need not be necessary or inescapable'" [citation omitted]). The evidence was sufficient to allow the jury to find that the defendant had the knife when he entered the victim's home.

b. <u>Assault and battery of a family or household member</u>. The defendant argues that the evidence was insufficient to prove that he and the victim were family or household members for purposes of the assault and battery charge under G. L. c. 265, § 13M.[1] However, the victim testified that she and the defendant

---

[1] The parties dispute whether the defendant's generalized pretrial motion for a required finding of not guilty on all charges constituted a timely motion for a required finding as to the charge for assault and battery on a family or household

3

dated, that they had been close, that she tried many times to end the relationship, and that she sought a restraining order approximately two months before the stabbing. Although the victim also testified that she got married to another man while dating the defendant, a reasonable jury could nonetheless have concluded that the defendant was in a substantive dating relationship with the victim. Cf. Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184-185 (1994) ("substantive dating relationship" existed even where there was evidence that one party was in more than one relationship). Viewing the facts in the light most favorable to the Commonwealth, the jury could have concluded that the defendant and the victim had a "close" relationship, involving regular communication, for the greater part of two years and that the relationship had been terminated for only two months. See G. L. c. 265, § 13M (c) (factors). The details provided by the victim could have been more robust, but they nevertheless "warranted a

_____

member. Because, at the close of the Commonwealth's case, defense counsel explicitly limited his argument on the motion to two charges not at issue in this appeal, we are not persuaded that the pretrial motion did so. Even if it was such a timely motion, however, and our review is therefore limited to "evidence admitted during the Commonwealth's case-in-chief," Commonwealth v. Dustin, 476 Mass. 1003, 1003 (2016), the victim's testimony alone is a sufficient basis for a reasonable jury to find that the victim and the defendant were in a substantive dating relationship, as we discuss below.

4

finding beyond a reasonable doubt that the defendant was involved in a 'substantive dating relationship'" with the victim. Commonwealth v. Dustin, 476 Mass. 1003, 1006 (2016).

2. Jury instructions. For the first time on appeal, the defendant raises a challenge to the judge's jury instructions regarding assault and battery of a family or household member. The instructions included two definitions of "family or household member" that are not part of G. L. c. 265, § 13M (c): persons who "reside together or resided together in the same household within the five years preceding the date of the alleged offense" or who "are related by blood."[2] This was error. Because the defendant did not object to the instructions at trial, we review to determine whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. Redmond, 53 Mass. App. Ct. 1, 7 (2001).

"Incorrect instructions on an element of a crime have not created a substantial risk of a miscarriage of justice where the defense strategy at trial was incorrect identification . . . or self-defense," Commonwealth v. Jenkins, 47 Mass. App. Ct. 286, 292 (1999), and where the "improper jury instruction concerned

_____

[2] These were formerly part of the definition of "family or household member" in G. L. c. 265, § 13M, see St. 2008, c. 534, but the statute has since been rewritten, removing them. See St. 2014, c. 260, § 23.

5

an element that the defendant did not contest at trial,"
Commonwealth v. Garcia, 82 Mass. App. Ct. 239, 250 (2012).
Defense counsel did not raise the issue of whether the defendant
and victim were "family or household members" in his opening or
closing statements, nor did he cross-examine the victim about it
beyond confirming that she had dated the defendant.  The
defendant testified that he and the victim dated and that they
had at one point lived together;[3] most of his testimony focused
on his allegations that she had stabbed herself, notably, twice
in the back, in their altercation.  In this case, where the
defendant advanced a theory of self-defense, focusing on the
victim's credibility and taking for granted the defendant's
relationship with the victim, there was no substantial risk of a
miscarriage of justice.  See Commonwealth v. Medina, 43 Mass.
App. Ct. 534, 535 (1997).

3. Duplicative conviction.  As we have noted, the
Commonwealth concedes that ABDW-SBI, G. L. c. 265,
§ 15A (c) (i), is a lesser included offense of mayhem, G. L.
c. 265, § 14, and that neither the evidence nor the instructions
at trial showed that the crimes rested on separate and distinct
acts.  See Commonwealth v. Rateree, 495 Mass. 610, 628 & n.16
(2025).  Upon review of the record, we agree that the

_____

[3] The victim denied that they had lived together.

6

convictions are indeed duplicative, and that we must therefore vacate the conviction of the lesser included offense, ABDW-SBI, and affirm that of the greater included offense, mayhem. See id. at 629.

Conclusion. On the indictment charging assault and battery by means of a dangerous weapon causing serious bodily injury, the judgment is vacated, the verdict is set aside, and the indictment is to be dismissed. The remaining judgments of conviction are affirmed. The matter is remanded to permit for resentencing, in the judge's discretion.

So ordered.

By the Court (Desmond, Hand & Hodgens, JJ.[4]),

Clerk

Entered: July 13, 2026.

_____

[4] The panelists are listed in order of seniority.